IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stanley D. Linder, #137337, | ) | C/A No.: 1:14-278-RMG-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden ET Taylor, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    Petitioner Stanley D. Linder is an inmate at the MacDougall Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return [Entry #16, #17]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #18]. On June 30, 2014, Petitioner filed a response to the motion [Entry #22], and on July 7, 2014, Petitioner filed his own motion for summary judgment. [Entry #23]. Respondent filed a response to Petitioner's motion [Entry #24], and Petitioner filed a reply [Entry #25].

    Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted and Petitioner's motion for summary judgment be denied.

1

I.       Factual and Procedural Background

According to the facts presented by the solicitor during the plea hearing, in 2001 and 2002, Petitioner digitally and/or orally penetrated his 14–15 year old daughter in a sexual battery, and in 2008, Petitioner vaginally penetrated two of his daughters, including one who was mentally handicapped. One daughter became pregnant and aborted, with the fetus's paternity having been DNA tested, confirming that Petitioner was the father.

Petitioner was indicted by the Colleton County grand jury during the June 2008 term of court for: (1) sex/criminal sexual conduct with a minor victim under 16 years of age, second degree (2008-GS-15-0298), (2) sex/criminal sexual conduct with a minor victim under 16 years or age, second degree (2008-GS-15-0299), (3) sex/criminal sexual conduct, third degree (2008-GS-15-0323), (4) sex/criminal sexual conduct, third degree (2008-GS-15-0324), (5) sex/incest (2008-GS-15-0546), and (6) sex/incest (2008-GS-0547). [Entry #17-1 at 79–90]. He was represented by Harris Beach, Esq., and pled guilty to the charges on April 1, 2009, before the Honorable Edgar W. Dickson. [Entry #17-1 at 3–30]. Judge Dickson sentenced Petitioner to 11 years for each of the second degree criminal sexual conduct with a minor charges (-298 and -299), 10 years for each of the incest charges (-546 and -547), and 10 years for each of the third degree criminal sexual conduct charges (-323 and -324), with the sentences to run concurrently. [Entry #17-1 at 28–29]. Petitioner did not appeal his conviction or sentence.

Petitioner filed an application for post-conviction relief ("PCR") on September 17, 2009. [Entry #17-1 at 31–41]. The PCR application raised claims of ineffective assistance

of counsel and "violation of S.C. Constitution Article 4, Sec. 11. Presentment or Indictment." *Id.* at 33–36.

A PCR evidentiary hearing was held before the Honorable D. Craig Brown on April 21, 2011, at which Petitioner and his PCR counsel, J.D. Bryan, Esq., appeared. [Entry #17-1 at 49–70]. On May 13, 2011, Judge Brown filed an order of dismissal. [Entry #11-1 at 71–77].

Petitioner appealed from the denial of PCR and was represented by Robert M. Pachak, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a *Johnson*[1] petition for writ of certiorari in the South Carolina Supreme Court on or about April 17, 2012. [Entry #17-3]. The petition raised the following issue: "Whether plea counsel was ineffective in his representation of petitioner?" *Id.* at 3. Petitioner filed a pro se response on May 24, 2012. [Entry #17-5].

The South Carolina Supreme Court filed an order denying certiorari and granting counsel's petition to be relieved on April 17, 2013. [Entry #17-6]. The remittitur was issued on May 3, 2013. [Entry #17-7].

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals). *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

3

Petitioner filed this federal petition for a writ of habeas corpus on January 27, 2014. [Entry #1 at 24].[2]

## II. Discussion

### A. Federal Habeas Issues

Petitioner asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Guilty Plea Counsel failed to request Brady material (App. 31–34)

> **Supporting Facts:** Petitioner's Exhibit 1 (Counsel's Letter to Applicant). (App. 60–65). (2) Applicant was unable to consult witness (Sixth Amendment of the United States Constitution) including defendant was deprived of his right to a speedy trial and right to confront accuser. (4) They set accused's bond so high that he was unable to exertion any rights the law guaranteed him. Petitioner's Alibi: He was in New Orleans, LA. Employed by "Quanta Underground Services."

**Ground Two:** Whether Petitioner received effective assistance of counsel when his counsel proved in court (PCR) he's a Liar (Guilty Plea Atty)

> **Supporting Facts:** Petitioner alleges "his counsel warned him that witnesses were in court to testify against him if he go to trial." Counsel [lied] and never answered the question. [App. 61, Lines 16–21;] Counsel knew the State's insufficiency of evidence to support a verdict of guilty; to criminal sexual conduct of either degree is lack a conviction. Insufficiency of evidence should have been forcible grounds to defense attorney to motion of quashing of indictments.

---

[2] The court received the petition on January 30, 2014, and docketed it on February 4, 2014. Because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). There is no date stamp on the envelope containing the petition, however the court uses January 27, 2014, as the date that Petitioner declared that he placed the petition in the prison mailing system. [Entry #1 at 24].

4

**Ground Three:**  May this Court exercise its original jurisdiction of this petition for "Writ of Habeas Corpus."
**Supporting Facts:** Guilty Plea Counsel knew by employment receipt that petitioner or his client was living in New Orleans, LA. When crimes was committed. And that his client was a truck driver (OTR) and witness from client's community asserted to counsel that sexual activity was being in progressed when Petitioner is away. "Petitioner denied Due Process"

**Ground Four:**  Ineffective Assistance of Guilty Plea Counsel and Appellate Counsel: Harris Beach and Robert M. Pachek

**Supporting Facts:** Petitioner's Appellate Counsel fail to execute his client's evidence threw his appendix. Appellate counsel false or unsupported by evidence which could had granted Petitioner's merit. Guilty Plea counsel also was lack of support that insufficiency of evidence could not convict Petitioner of his charges. And guilty plea should had been in open court instead of Judge's chambers, and counsel fail to support client's request for "Speedy Trial." (Please see Attached).

[Entry #1 at 5–20].

    B.    Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of

the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

    C.    Analysis of AEDPA Bar

        1.    AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996.  Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of

6

those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the

7

expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[3]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing

---

[3] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace*, 544 U.S. at 418).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

### 2. Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter. The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Petitioner was found guilty and was sentenced on April 1, 2009. [Entry #17-1 at 28–29]. Because Petitioner did not appeal his guilty plea, his conviction became final ten days later on April 11, 2009—when Petitioner's opportunity to file a notice of appeal to challenge his conviction and sentence expired. *See* Rule 203(b)(2), SCACR (notice of appeal must be filed within ten days of imposition of sentence).

Accordingly, Petitioner's one-year statute of limitations period began running the following day, on April 12, 2009. Petitioner's filing of his PCR application on September

17, 2009, tolled the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). When Petitioner filed his PCR application, 158 days had elapsed, leaving 207 days within which he could have timely filed his federal habeas petition. The statute of limitations remained tolled until the South Carolina Supreme Court denied certiorari on April 17, 2013. The statute of limitations resumed on April 18, 2013, and expired 207 days later, on November 11, 2013. Petitioner did not file this habeas action until January 27, 2014, some 77 days after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless he can demonstrate that he has been diligently pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

### 3. Petitioner Has Not Demonstrated Entitlement to Equitable Tolling

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

#### a. Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not

demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's tardiness in filing this petition in no manner suggests that he diligently pursued his rights. Petitioner has provided no explanation in ¶ 18 of the petition concerning the timeliness of his petition, aside from stating that "[t]his petition should be in a relevant time for review," and the court is unable to discern any argument for why the statute of limitations should be equitably tolled. Petitioner attempts to blame the untimeliness of his habeas petition on his trial counsel's alleged failure to file a direct appeal. [Entry #22 at 2].   Petitioner also states that he lacks knowledge of the law. [Entry #22 at 6, #25 at 4]. Neither of these reasons suffices to excuse the untimeliness of the petition. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

        b.      Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle him to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted.

Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [Entry #16] be granted and the petition be dismissed with prejudice. Further, the undersigned recommends that the court deny Petitioner's motion for summary judgment. [Entry #23].

IT IS SO RECOMMENDED.

August 13, 2014                                                             Shiva V. Hodges
Columbia, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).