IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stanley D. Linder, #137337, ) | Civil Action No. 1:14-cv-0278-RMG |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| E. T. Taylor, ) | |
| Respondent ) | |
| ) | |

This matter is before the Court on Respondent's Motion for Summary Judgment, (Dkt. No. 16), Petitioner's Motion for Summary Judgment (Dkt. No. 23), and Petitioner's Motion for Preliminary Injunction (Dkt. No. 16). As explained herein, the Court adopts the Magistrate's Report and Recommendation ("R&R") (Dkt. No. 26) in whole, GRANTS Respondent's motion, and DENIES Petitioner's motions.

### I. Background

Stanley D. Linder ("Petitioner") is currently a prisoner at the MacDougall Correctional Institution of the South Carolina Department of Corrections. Proceeding pro se and in forma pauperis, Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, the matter was automatically referred to a Magistrate Judge for pretrial proceedings. Respondent filed a Motion for Summary Judgment (Dkt. No. 16) and a Return and Memorandum to the Petition (Dkt. No. 17). Petitioner filed a response to the motion (Dkt. No. 22) as well as his own Motion for Summary Judgment (Dkt. No. 23), and the Magistrate Judge issued the present R&R on August

13, 2014, recommending that Respondent's motion be granted. Petitioner filed timely objections to the R&R (Dkt. No. 31), and also filed a Motion for Preliminary Injunction (Dkt. No. 32) on September 15, 2014.

Petitioner was indicted in June 2008 for several counts of CSC in the First, Second, and Third degree, as well as incest and CSC with a minor. (R&R at 2). He pled guilty to the charges in April 2009. Petitioner did not appeal his conviction or sentence. His conviction therefore became final on April 11, 2009, ten days after his sentencing. *See* Rule 203(b)(2), SCACR (notice of appeal must be filed within ten days of imposition of sentence). He did file an application for post-conviction relief ("PCRA") on September 17, 2009, raising claims of ineffective assistance of counsel. The petition was dismissed on May 13, 2011. Petitioner appealed, and his attorney filed a *Johnson* petition for writ of certiorari in the South Carolina Supreme Court on April 17, 2012. The Court filed an order denying certiorari and granting counsel's petition to be relieved on April 17, 2013, and the remittitur was issued on May 3, 2013. Petitioner filed the petition for a writ of habeas corpus on January 27, 2014. (Dkt. No. 1).

## II. Discussion

### A. Summary Judgment Standard of Review

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d

1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made.

### B. Federal Habeas Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s standard for review of federal habeas corpus claims is a difficult one for a petitioning prisoner to meet. Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court

3

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786 (2011) (citation omitted).

### C. Statute of Limitations

After review of the record, the R&R, each party's motions and responses, and Petitioner's objections, the Court finds the Magistrate Judge applied sound legal principles to the facts of this case and therefore agrees with and wholly adopts the R&R as the order of the Court. As the Respondent argued, and the Magistrate Judge ruled, the habeas petition was not timely filed under the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. 2254(d). AEDPA calculates the one year statute of limitations commencing on "the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review," excluding the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* Applying this standard to the present case, Petitioner's statute of limitations period began on April 12, 2009, was tolled from September 17, 2009 to April 18, 2013, and expired on November 11, 2013, 77 days before the habeas petition was filed. (R&R at 11).

4

A district court may apply equitable tolling to a habeas case where Petitioner shows that he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way and prevented timely filing. *See, e.g. Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Petitioner made no such showing in his motions or in his response to Respondent's Motion for Summary Judgment, and his petition is therefore dismissed as untimely under 28 U.S.C. § 2244(d).

### D. Petitioner's Objections

Petitioner filed objections on September 15, 2014. (Dkt. No. 31). The objections made are general attacks on Respondent that contain no specific factual information supporting his petition, and no evidence to support his claims. He makes a number of arguments regarding his innocence of the crimes he was convicted of, accuses Respondent of "slander and perjury," and argues broadly that the allegations against him were not proven beyond a reasonable doubt at trial. The objections also refer to a "dirty cop" and "false swearing," and contain a sentence that appears to argue that the minor victim of the criminal sexual conduct was "15 or 16," and therefore not necessarily a minor. (*Id.* at 4-5). Petitioner's arguments here are somewhat less than conclusory statements of the applicable law, and they certainly do not raise an issue of genuine fact. *See Thompson v. Potomac Elec. Power Co.*, 312 F.3d at 649. In other words, Plaintiff's objections to the R&R points to no specific error in the Magistrate Judge's recommendation.

Petitioner does argue that "the statute of limitations is however, is toll and equitable tolled" because he "could not move forward until the Supreme Court Respondent, and Court Reporter did what they needed to be done." This is incorrect; as the R&R explains, Petitioner's time to file a habeas petition was tolled while his PCR proceedings were in motion, but the time

5

that passed between the finality of his conviction and filing of his PCR application, and the time between the finality of his PCR proceedings and the filing of his habeas petition, still adds up to approximately 77 days past the one year allotted to Petitioner to file his habeas petition. (R&R at 11).

### E. Petitioner's Motion for Preliminary Injunction

On September 15, 2014, Petitioner filed a motion for preliminary injunction, stating that "without injunction and court of equity, the respondent having absolutely no probative evidence or facts that can and will support his motions for summary judgment, which is construed according to the end." Petitioner's motion contains only vague arguments as to the injustice of his incarceration, and does not identify what action he is requesting to have enjoined, or why. "A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008). A preliminary injunction analysis must weigh the likelihood of irreparable harm in the absence of injunctive relief with the moving party's likelihood of success on the merits. *See, e.g. Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802 (4th Cir. 1991). No evidence regarding either factor is before the Court; Petitioner's motion is therefore denied.

### III. Conclusion

A review of the record indicates that the Magistrate Judge's report accurately states the case and the applicable law. For the reasons articulated by the Magistrate Judge, Respondent's Motion for Summary Judgment (Dkt. No. 27) is **GRANTED,** Petitioner's Motion for Summary

Judgment (Dkt. No. 23) and Motion for Preliminary Injunction (Dkt. No. 32) are **DENIED,** and the habeas petition is dismissed.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Richard M. Gergel
United States District Judge

September 3౿, 2014
Charleston, South Carolina